**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000507
08-AUG-2023
07:48 AM
Dkt. 69 SO

NO. CAAP-22-0000507

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DS, Petitioner-Appellant,
v.
WG, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
HILO DIVISION
(CASE NO. 3DA221000050)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Petitioner-Appellant DS (**Mother**) appeals from the **"Order** Dissolving Temporary Restraining Order for Protection" entered by the Family Court of the Third Circuit, Hilo Division, on July 22, 2022.[1] For the reasons explained below, we affirm.

On January 27, 2022, Mother obtained a temporary restraining order (**TRO**) against Respondent-Appellee WG (**Father**) on behalf of herself and their **Child**. The TRO was to expire on July 26, 2022. See Hawaii Revised Statutes (**HRS**) § 586-5(a) (Supp. 2021).[2]

---

[1] The Honorable Jeffrey W. Ng presided.

[2] HRS § 586-5 (Supp. 2021) provides, in relevant part:

**Period of order; hearing.** (a) A temporary restraining order granted pursuant to this chapter shall remain in effect at the discretion of the court, for a period not to exceed one

(continued...)

At the February 8, 2022 show-cause hearing, Mother informed the family court that the Hawaiʻi Department of Human Services (**DHS**) would be filing a report. The hearing was continued to allow DHS to complete its report. The DHS Child Welfare Services Branch (**CWS**) filed its **Report** on March 24, 2022.

At the continued show-cause hearing, Father requested an evidentiary hearing. Father also requested visitation pending the evidentiary hearing. The family court heard testimony from Marce **Mossman,** the CWS social worker who prepared the Report. After hearing counsel's arguments, the family court stated it would allow Father to have supervised visits with Child. The amended TRO was filed on March 29, 2022. An evidentiary hearing was scheduled for June 28, 2022.

On June 6, 2022, Mother moved for an order allowing Child to testify at the evidentiary hearing, and for appointment of a guardian ad litem (**GAL**), under Hawaiʻi Family Court Rules (**HFCR**) Rule 45.1. Carol Ann **Plummer,** Ph.D. was appointed GAL for Child "for the sole purpose of making a determination if child should testify[.]"

The evidentiary hearing began on June 28, 2022. The CWS Report was received into evidence by stipulation. The family court heard testimony from Mossman, Dr. Plummer, and Mother. Child wasn't allowed to testify. At the end of the day, while Mother was on the witness stand, the hearing was continued to July 22, 2022.

On July 20, 2022, Mother filed a motion to continue the evidentiary hearing. The hearing resumed on July 22, 2022. Mother appeared by telephone. The family court denied the motion to continue. At Mother's request, the family court judicially

---

[2](...continued)
hundred eighty days from the date the order is granted or until the effective date, as defined in section 586-5.6, of a protective order issued by the court, whichever occurs first, including, in the case where a temporary restraining order restrains any party from contacting, threatening, or physically abusing a minor, for a period extending to a date after the minor has reached eighteen years of age.

noticed the records in Mother's and Father's pending divorce cases.[3]  No further testimony was offered.  After hearing arguments from counsel, the family court found that Mother had not proven the allegations contained in her petition by a preponderance of the evidence, and orally dissolved the TRO.  The written Order was entered that day.  This appeal followed.

Mother contends that the family court erred by: **(1)** granting visitation to Father "without a hearing or evidence"; **(2)** prohibiting Child from testifying; **(3)** refusing to allow Mother's witnesses to testify; **(4)** refusing to admit Mother's exhibits into evidence; **(5)** denying Mother's motion to continue the evidentiary hearing; and **(6)** dissolving the TRO.

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion.  Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

**(1)**  Mother argues that the family court abused its discretion by amending the TRO "without notice to" Mother, "without an evidentiary hearing[,]" and without "findings or legal basis[.]"  The argument is without merit.  During the March 29, 2022 hearing, after Father requested visitation, Mother stated, "if the Court is inclined to grant visitation that it be supervised at Parent's, Inc. or the Y three hours in duration, once a week."  The CWS Report was in the record, and the family court heard testimony from Mossman, the social worker who prepared the report.  Mossman explained that "DHS didn't confirm

---

[3]      WG v. DG, JIMS 3DV121000235, and DS v. WG, JIMS 3DV121000239.  The record does not indicate that Mother provided the family court with copies of the records in the divorce cases or directed the family court's attention to any orders entered in the divorce cases.  See Hawaii Rules of Evidence (**HRE**) Rule 201(d) (2016) ("A court shall take judicial notice if requested by a party *and supplied with the necessary information*.") (emphasis added).

[the] allegations" against Father.[4] On this record, we cannot say that the family court abused its discretion by amending the TRO to allow Father supervised visitation at the YMCA Visitation Center.

**(2)** Mother argues that the family court abused its discretion by not allowing Child to testify. HFCR Rule 45.1 requires family court approval before any child is summoned to appear as a witness. The family court heard testimony from Dr. Plummer, Child's GAL. Dr. Plummer testified that she was ordered "to understand if it would be in [Child's] best interest to speak or if that could be upsetting or traumatizing to [Child]." She interviewed Mother, Father, and Child. She read the CWS Report. She testified on cross-examination:

> Q. Do you believe that it would be in the best interest of the child to testify in court before her father and mother in the courtroom?
>
> A. I don't believe that would be in [Child's] best interest.
>
> . . . .
>
> Q. So if [Child] is not able to speak with the Judge in chambers but in fact needs to testify in court with both mother and father present, do you believe it is in [Child's] best interest to do so?
>
> A. I think that would be far too stressful for [Child].

The family court denied Mother's motion, finding "that it is not in the best interest of [Child] to testify in court in front of [Mother and Father] and subject to cross-examination." On this record, we cannot say that the family court abused its discretion by accepting Dr. Plummer's opinion about Child's best interests and not allowing Child to be called as a witness and be subject to cross-examination.

---

[4] The contents of the CWS Report, and Mossman's testimony, are discussed in more detail below in connection with Mother's sixth point of error.

**(3)** Mother argues that the family court abused its discretion by refusing to allow Mother's witnesses to testify. Mother cites pages 81-86 of the transcript of proceedings on June 28, 2022, to support her argument. Those pages show that the family court *allowed* Mother to call Child's tutor, but the record does not indicate that Mother called the tutor as a witness. Mother made an offer of proof for a witness who would testify about "[Mother]'s intelligence and honesty and truthfulness and the minor child's ability to testify." The family court disallowed the witness. The family court did not abuse its discretion because Mother's character for truthfulness had not been attacked, Hawaii Rules of Evidence (**HRE**) Rule 608(a)(2) (2016), and Child's ability to testify was not at issue because the family court had already ruled that Child couldn't be called as a witness. The cited pages of the transcript do not contain any other rulings by the family court.

**(4)** Mother argues that the family court abused its discretion by refusing to admit her exhibits 1, 9, and 12 into evidence. Mother stated that exhibit 1 was the amended TRO. The family court took judicial notice of the amended TRO. Mother argued it should have been admitted into evidence under HRE Rules 801, 802, 803 and 804 because Mother and Child were unavailable as witnesses. HRE Rule 801 contains definitions; Rule 802 states the hearsay rule; and Rules 803 and 804 contain exceptions to the hearsay rule. The amended TRO was a family court order; it didn't contain any statement by Mother or Child. The family court did not err by refusing to admit Mother's Exhibit 1 into evidence.

Mother's counsel represented to the family court that exhibit 9 was "a transcribed statement of [Child], who recorded a memorandum on a phone on January 25th, 2022, around 8:00 p.m." Mother's counsel represented that exhibit 12 was "electronic messages made between [Mother] and [Father] involving [Child]" that purported to show "the kind of communications that occur which give rise to the allegations of harassment and threat of

harm and actual harm to [Mother] and herself." The family court denied Mother's requests based on lack of foundation. Mother presented no witness to identify or authenticate exhibits 9 or 12. The family court did not err by denying admission for lack of foundation. HRE Rule 901 (2016) ("Requirement of authentication or identification").

**(5)** Mother argues that the family court erred by denying her motion to continue the evidentiary hearing. "A court has the discretion to grant or refuse a continuance of a proceeding in the orderly administration of justice." Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980) (citations omitted). We review for abuse of discretion. Id.

Mother's motion to continue was based upon a doctor's note. The family court granted Mother's request to file the doctor's note as a confidential document. The opening brief does not cite the record to direct us to the doctor's note. According to the transcript, Father's counsel argued that the doctor's note "doesn't say the nature of the illness. It doesn't say anything. It just says, [']hi, excuse her from court[.']" Mother was in attendance by telephone, but wasn't asked to explain her symptoms to the family court. Father's counsel also pointed out that "the TRO expires on Tuesday."[5] The family court denied the continuance because it already had two evidentiary hearings set for Monday, TROs set for Tuesday, and another evidentiary hearing set for Tuesday afternoon, so there was no time to continue the hearing before the TRO expired. Mother didn't ask to testify by telephone. On this record, we cannot say that the family court abused its discretion by denying Mother's motion to continue the evidentiary hearing.

**(6)** Mother argues that the family court abused its discretion "when it dissolved the petition with prejudice[.]" Mother's petition was based upon her allegation of Father's

---

[5] We take judicial notice, pursuant to HRE Rule 201 (2016), that July 22, 2022, the date of the hearing, was a Friday. The statutory expiration for the TRO was Tuesday, July 26, 2022. See HRS § 586-5(a).

conduct while Child and a **Friend** were having a sleep-over at Father's house. Mother stated that Child said Father came into their room and "bent down to look at [Friend's] private area." Father allegedly left the room, "then came back and put his hand on [Friend]'s breast."

Mossman (the CWS social worker) interviewed Child. Child told Mossman "she had just woken up and was unsure if she was seeing correctly." Mossman interviewed Father. Father "denied any sexual behavior or activity towards" Friend. Mossman met with Friend. Friend "denied any touching by" Father, "has never felt uncomfortable in [Father's] care[,]" and "was adamant that [Father] touching her is 'a lie', and she does not know why [Child] is saying this." Mossman met with Friend's mother. Friend's mother "does not believe that any sexual activity toward [Friend] occurred[,]" "shared that [Friend] is a very light sleeper who would wake up if touched," "is also confident that [Friend] would tell her if anything uncomfortable happened at [Father]'s home[,]" and "[s]ince [Father] discussed the allegations in the TRO with her, [Friend's mother] has had several conversations with [Friend] and [Friend] denies any touching. [Friend]'s only concern was why [Child] was saying that something like this happened." The CWS Report stated that "DHS did not confirm [Child's] allegations." Mossman testified during the first evidentiary hearing that DHS did not consider it a sex abuse case "because the victim [Friend] has denied that anything occurred." Mossman also testified that "the department has not determined that the child is under any risk for harm at this time."

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001) (cleaned up). On this record, we cannot conclude that the family court abused its discretion by dissolving the TRO and dismissing Mother's petition with prejudice.

For the reasons explained above, the "Order Dissolving Temporary Restraining Order for Protection" entered by the family court on July 22, 2022, is affirmed.

DATED:  Honolulu, Hawaiʻi, August 8, 2023.

On the briefs:

Jamae K. K. Kawauchi,
for Petitioner-Appellant.

Jo Kim,
for Respondent-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge